IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| National Union Fire Insurance Co. of Pittsburgh, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:10-2969-TMC |
| v. | ) ) | **ORDER** |
| Deena L. Bettencourt and Scott Bettencourt, | ) ) ) | |
| Defendants/ Third-Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| Techtronics Industries, North America, Inc., American Home Assurance Co., Lockton Companies, LLC, and American International Group, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

**I.**

This case comes before the court by way of an action for declaratory judgment, authorized under 28 U.S.C. §§ 2201 and 1332, filed by plaintiff National Union Fire Insurance Co. of Pittsburgh (National Union) against defendants Scott and Deena Bettencourt (the Bettencourts). (Dkt. No. 1.) On December 12, 2011, the court held a hearing on a pending motion to dismiss counterclaims filed by National Union (Dkt. No. 48) and pending motions to dismiss third-party claims filed by American Home Assurance Co. (American Home) (Dkt. No. 49, American International Group (AIG) (Dkt. No 50), Techtronic Industries North America, Inc. (Techtronic) (Dkt. No. 47), and Lockton Companies, LLC (Lockton) (Dkt. No. 46). For the

reasons set forth below, the court declares that UIM coverage is not available under South Carolina law to cover the Bettencourts' attorneys' fees and costs arising out of the underlying state court litigation and declines to exercise supplemental jurisdiction over the remaining claims.

## II.

### A.

Scott and Deena Bettencourt are husband and wife. In 2008, Deena Bettencourt was involved in a car accident in Greenville County. The car she was driving was owned by Techtronic, Scott Bettencourt's former employer, which he was permitted to use for a period of time as part of a severance package. National Union issued the commercial automobile insurance policy to Techtronic, which covered Techtronic's entire fleet of vehicles, including the one involved in the accident.[1] Deena Bettencourt was not alleged to have been at fault, and she filed a complaint against the at-fault driver and the at-fault driver's insurance company. The Bettencourts also served the complaint on National Union, as an alleged provider of underinsured motorist coverage (UIM) to Techtronic.

In the underlying litigation against the at-fault driver, the Bettencourts obtained a jury verdict of approximately $16,500, which is substantially below the $50,000 coverage limit provided by the at-fault driver's liability policy. That verdict is not under appeal. During the course of that litigation, on motion the Bettencourt's motion, the state court assessed attorneys' fees and costs against the at-fault driver's insurer pursuant to Rule 37(c), SCRCP. Though the

---

[1] As for the other parties, Lockton is an insurance broker involved in the transaction between National Union and Techtronic, while American Home issued an umbrella liability insurance policy to Techtronic. The Bettencourts allege that AIG is the parent company, which wholly owns and directs National Union and American Home.

Bettencourts' attorneys sought approximately $146,000 in fees and costs related to that motion, the state court awarded $4,000 in attorneys' fees and $2,000 in costs. The Bettencourts and their attorneys have appealed this award, and their appeal is currently pending before the South Carolina Court of Appeals.

**B.**

The present litigation arose by way of complaint filed by National Union. National Union denies that its policy provided UIM to Techtronic and filed this declaratory judgment, asking the court to declare that its policy does not in fact provide UIM. (Dkt. No. 1.) The Bettencourts subsequently filed an answer, later replaced by an amended answer, asserting that National Union failed to make a meaningful offer of UIM to Techtronic in violation of South Carolina law and seeking reformation of that policy. (Dkt. No. 28.) Further, the Bettencourts asserted claims of negligence against National Union, American Home, AIG, Techtronic, and Lockton; bad faith against National Union, American Home, and AIG; civil conspiracy against National Union, American Home, AIG, Techtronic, and Lockton; and breach of fiduciary duty against Techtronic.

At the December 12, 2011 hearing, the parties raised several important issues of law and fact that were not mentioned in any of the briefs. For the first time, the court discovered that a verdict of $16,500 had been rendered in favor of the Bettencourts in the state court action and that said verdict was not under appeal, as well as the existence of the award of attorneys' fees and costs currently on appeal. Additionally, the Bettencourts' counsel noted that they are seeking reformation of the UIM policy not for the purpose of covering actual and punitive damages—which are not on appeal—but to cover any possible increase in the amount of attorneys' fees and costs stemming from the state court's sanction of the at-fault driver's insurer.

## III.

### A.

The court will first consider the declaratory judgment filed by National Union, pursuant to 28 U.S.C. section 2201 and this court's diversity jurisdiction under § 1332, against the Bettencourts.[2] In light of the additional facts and assertions made at the December 12 hearing, the court views the issue as follows: whether UIM is available under South Carolina law to cover the attorneys' fees and costs from the underlying state court award currently on appeal.[3] In a suit based on diversity of citizenship, the substantive law of the forum state is controlling. *Erie R.R. Co v. Tompkins*, 304 U.S. 64 (1938); *Colgan Air, Inc. v. Ratheon Aircraft Co.*, 507 F.3d 270 (4th Cir. 2007). The court has determined that, even if the Techtronic insurance policy were reformed to provide UIM, UIM is not available to the Bettencourts under South Carolina law to recover attroneys' fees and costs awarded in the state court action.[4]

Unequivocally, "[T]he cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Henry-Davenport v. Sch. Dist. of Fairfield County*, 391

---

[2] The case is before the court by way of various Rule 12(b), Fed. R. Civ. P., motions to dismiss filed by the plaintiff and third-party defendants. Based upon the new information gleaned from the December 12 hearing, the court is not directly addressing those motions.

[3] It is arguable that under South Carolina law, the issues raised in this action are not ripe for adjudication by this court, as the award of fees and costs in the state court action are still under appeal. *Concerned Dunes West Residents, Inc. v. Georgia-Pacific Corp.*, 349 S.C. 251, 562 S.E.2d 633 (2002). However, this issue has not been raised by any party, and the court deems it appropriate to provide a ruling given the unique circumstances associated with this case.

[4] The question of whether the insurance policy can be reformed to provide UIM coverage for the Bettencourts' actual and punitive damages stemming from their claims for personal injury and loss of consortium is moot under South Carolina law. *See Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 195 S.E.2d 713 (1973) (stating that a case is moot when judgment, if rendered, will have no practical effect upon the existing controversy). Because the underlying verdict was for $16,500, an amount under the policy limits and not on appeal, reaching UIM coverage for the actual and punitive damages is impossible.

S.C. 85, 88, 705 S.E.2d 26, 28 (2011) (citing *Kiriakides v. United Artists Commc'ns, Inc.*, 440 S.E.2d 364, 366, 312 S.C. 271, 275 (1994)). "If a statute's language is plain, unambiguous, and conveys a clear meaning, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" *Id*. at 88–89, 705 S.E.2d at 28 (quoting *Hodges v. Rainey*, 533 S.E.2d 578, 582, 341 S.C. 79, 85 (2000)). Furthermore, the UIM statute is to be construed to "effect the purpose intended by the legislature." *Floyd v. Nationwide Mut. Ins. Co.*, 367 S.C. 253, 260, 626 S.E.2d 6, 10 (2006). With those principles in mind, the court turns to the text of the law.

The South Carolina UIM statute is found in S.C. Code Ann. section 38-77-160 (2002). The statute states, in relevant part,

> Automobile insurance carriers shall offer, at the option of the insured . . . underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that *damages* are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.

*Id* (emphasis added). Under South Carolina law, "The central purpose of the UIM statute is to provide coverage when the injured party's damages exceed the liability limits of the at-fault motorist." *Floyd*, 367 S.C. at 260, 626 S.E.2d at 10. The key question, then, is what are "damages" under the UIM statute and do they include attorneys' fees and costs? The resolution of the issue before the court depends upon its legal meaning.

The South Carolina General Assembly defined this term to include "both actual and punitive damages." S.C. Code Ann. § 38-77-30(4). Conspicuously missing from the statutory text is any reference to attorneys' fees and/or costs. Based upon the statutory language, it is evident that UIM is not available to cover attorneys' fees and costs. This conclusion is bolstered by the holdings of South Carolina courts. *See O'Neill v. Smith*, 388 S.C. 246, 251, 695 S.E.2d 531, 533 (2010) (stating that "[t]he clear legislative indication is that all 'damages,' *including*

*actual and punitive damages*," are recoverable under UIM) (emphasis added); *Russo v. Nationwide Mut. Ins. Co.*, 334 S.C. 455, 459, 513 S.E.2d 127, 129 (Ct. App. 1999) (stating that damages in section 38-77-160 means bodily injury or property damages and holding UIM does not extend to cover insured's spouses loss of consortium claim).[5]

The South Carolina UIM statute is "plain, unambiguous, and conveys a clear meaning"— and reflects the legislative intent to limit the remuneration available from UIM coverage to actual damages stemming from bodily injury or punitive damages arising out of the accident causing that bodily injury. Neither this statute nor South Carolina case law supports the proposition that attorney's fees and costs arising from an at-fault driver's insurer's failure to make an admission of fact under Rules 36 and 37(c) of the South Carolina Rules of Civil Procedure are compensable under the UIM statute. In response to National Union's motion for declaratory judgment, the court has determined that UIM coverage is not available to the Bettencourts for such claims under the facts of this case.

**B.**

The court now turns to the counterclaims and third-party claims raised by the Bettencourts. Under 28 U.S.C. § 1367(c), the court declines to exercise its supplemental jurisdiction over these claims.

This court has jurisdiction over the declaratory judgment filed by National Union pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. Subsequent to that filing, the Bettencourts filed counterclaims against National Union and third-party claims against the

---

[5] Furthermore, automobile insurance insures "against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use" of a motor vehicle. S.C. Code Ann. § 38-77-140. The attorneys' fees and costs sought by the Bettencourts arise not from any physical or financial loss suffered by way of Deena Bettencourt's ownership, maintenance, or use of the vehicle, but from a separate, tenuously related pecuniary injury arising out of the independent conduct of another party (in this case, the at-fault party's insurer).

various third-party defendants. The court has supplemental jurisdiction over these claims under the supplemental jurisdiction statute, which states,

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).[6] However, in four situations outlined by § 1367(c), a district court may decline to exercise its supplemental jurisdiction: if "the claim raises a novel or complex issue of State law;" if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" if "the district court has dismissed all claims over which it has original jurisdiction;" or if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id*. In the case *sub judice*, the court has identified at least three issues that were raised either in the briefs or in the December 12, 2011 hearing that raise novel or complex issues of state law:

> (1) Whether an award of attorneys' fees and costs alone can constitute special damages under South Carolina civil conspiracy law;[7]
>
> (2) whether an insured party in the Bettencourts' shoes—e.g., an intended third-party

---

[6] The Bettencourts joined Techronic, which is a corporation with its principal place of business in South Carolina (Dkt. No. 76.). *See* 28 U.S.C. § 1332(c) ("For the purposes of [section 1332], a corporation shall be deemed to be a citizen of . . . the State where it has its principal place of business."); *Cent. West Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) (same). The court notes that while it is not divested of diversity jurisdiction by the Bettencourts' joinder of Techtronic, the court would not have diversity jurisdiction over this case had the Bettencourts filed their claims first. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488 (4th Cir. 1998) (holding that the defendant in a diversity jurisdiction case may join non-diverse parties without divesting the court of its jurisdiction).

[7] The court notes that these attorneys' fees and costs sought by the Bettencourts are separate and distinct from those arising from the underlying litigation. These attorneys' fees and costs arose solely from the present litigation.

>  beneficiary of the insurance contract and permissive user—has standing to assert a bad faith cause of action for failure to pay benefits under an insurance contract; and
>
>  (3) whether a fiduciary duty exists between an employer and former employee under the facts as plead by the Bettencourts.[8]

Rather than answer these questions without definitive direction from the state courts, this court has determined that the most appropriate course is to respectfully decline to exercise its supplemental jurisdiction, so as to allow the parties to litigate these matters in state court if they so choose. While other issues exist that could be resolved on the merits by this court, rather than retain jurisdiction over some of the claims between some of the parties, the court declines to exercise its jurisdiction over any of the remaining claims in the interest of judicial economy and expediency. South Carolina state courts are in a better position to resolve and provide definitive answers to these issues.

## IV.

Therefore, the court has determined that under the facts of this case, UIM coverage does not exist under South Carolina law for payment of the Bettencourts' attorneys' fees and costs arising from the underlying state court litigation. (Dkt. No. 1.) Furthermore, the court declines to exercise its supplemental jurisdiction over the Bettencourts' the remaining state court claims and those claims are hereby **DISMISSED** without prejudice to the rights of the parties to seek any relief in state court to which they may be entitled. (Dkt. No. 28.)

**IT IS SO ORDERED.**

Greenville, South Carolina          s/Timothy M. Cain_____
December 29, 2011                   Timothy M. Cain
                                    United States District Judge

---

[8] The court is not satisfied that the parties have identified authority on any of these issues that adequately addresses them, nor has the court's independent research of South Carolina law satisfied this inquiry.